Anna Y. Park, CA SBN 164242
Michael Farrell, CA SBN 266553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Rumduol Vuong, SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
2300 Tulare Street, Suite 215
Fresno, CA 93721
Telephone: (559) 487-5135
Facsimile: (559) 487-5053
E-Mail: rumduol.vuong@eeoc.gov

Attorney for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**EATERN DISTRICT OF CALIFORNIA**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

vs.

ALIA CORPORATION d/b/a MCDONALDS, AND DOES 1-10, INCLUSIVE,

Defendant(s).

**COMPLAINT-CIVIL RIGHTS; EMPLOYMENT DISCRIMINATION**
(42 U.S.C. §§ 2000e, et seq. and 12117)

**JURY TRIAL DEMAND**

**NATURE OF THE ACTION**

This is an action under Title I of American with Disabilities Act of 1990, as amended

(the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Derrick Morgan who was adversely affected by such practices. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Defendants Alia Corporation d/b/a McDonalds ("Alia"), and Does 1-10 ( collectively referred to herein as "Defendants") subjected Derrick Morgan to various adverse employment actions including a demotion, a pay cut and a reduction in scheduled work hours, on the basis of his actual and/or perceived disability in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112. Additionally, Defendants discriminated against Derrick Morgan by constructively discharging him on the basis of his actual and/or perceived disability.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of California.

**PARTIES**

3. Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §

706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Alia has continuously been a California corporation doing business in Madera County, State of California, and continuously had at least 15 employees.

5. At all relevant times, Defendant Alia has continuously been an employer engaged in an industry affecting commerce within the meaning of § 101(5) of the ADA, 42 U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Alia has been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, employee, alter ego, indirect employer, joint employer or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

8. Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant

individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## CONDITIONS PRECEDENT

9. More than thirty (30) days prior to the institution of this lawsuit, Derrick Morgan filed a charge of discrimination with the Commission alleging that Defendant Alia violated Title I of the ADA.

10. Prior to the institution of this lawsuit, the Commission issued a Letter of Determination to Defendants finding reasonable cause to believe that Derrick Morgan had been discriminated against because of his disability.

11. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect Defendants' voluntary compliance with Title I of the ADA through informal methods of conciliation, conference, and persuasion.

12. Prior to the institution of this lawsuit, all conditions precedent were satisfied.

## STATEMENT OF CLAIMS

13. Derrick Morgan is disabled within the meaning of the ADA due to having mental impairments which substantially limit him in several major life activities including learning, speaking and brain function.

14. Derrick Morgan had been employed at the Oakhurst, California McDonalds restaurant facility in the position of shift manager/floor supervisor since 2008. He was able to

perform all of the essential functions of that position in a satisfactory manner.

15. Defendants retained Derrick Morgan as a shift manager/floor supervisor when Defendants took over operations of the Oakhurst, California McDonalds franchise in January 2009.

16. Since at least January 2009, Defendants have engaged in unlawful employment practices in violation of § 102 (a) and (b), 42 U.S.C. § 12112 (a) and (b).

17. More specifically, Defendants discriminated against Derrick Morgan when they demoted him in or about March of 2009 from the shift manager/floor supervisor position on the basis of his disability and/or on the basis of a perceived disability in violation of 42 U.S.C. § 12112 (a).

18. In or about March of 2009, Defendants demoted Derrick Morgan from the shift manager/floor supervisor position to a "maintenance" position where his duties included janitorial and stock room work. At that same time, Defendants subjected Derrick Morgan to a reduction in his hourly pay rate as well as a reduction in his work hours on the basis of his disability and/or a perceived disability.

19. The adverse employment actions taken by the Defendants against Derrick Morgan as described in Paragraphs 17-18 above rendered his working conditions so intolerable that he was constructively discharged in or about June of 2009.

20. The effect of the practices complained of as described in paragraphs 13 through 19 have been to deprive Derrick Morgan of equal employment opportunities.

21. The unlawful employment practices in paragraphs 13 through 19 above were intentional.

22. The unlawful employment practices complained of above were done with malice

or with reckless indifference to the federally protected rights of Derrick Morgan.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of disability, including subjecting employees to demotion, reduction in pay and reduction in work hours due to an actual and/or perceived disability.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of their unlawful employment practices.

C. Order Defendants to make Derrick Morgan whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to rightful-place reinstatement and promotion of Derrick Morgan, or front pay in lieu of rightful –place reinstatement.

D. Order Defendants to make whole Derrick Morgan by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-19 above in amounts to be determined at trial.

E. Order Defendants to make Derrick Morgan whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-19 above in amounts to be determined at trial. The non-pecuniary

losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendants to pay Derrick Morgan punitive damages for their malicious and/or reckless conduct in an amount to be determined at trial.

G. Award the Commission its costs of this action.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, NE
Washington, D.C. 20507

Dated: September 13, 2011

MICHAEL FARREL
Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION