1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  U.S. EQUAL EMPLOYMENT                        Case No. 1:11-cv-1549 LJO BAM
    OPPORTUNITY COMMISSION,

12                                               ORDER ON INFORMAL DISCOVERY
              Plaintiff,                          CONFERENCE

13
              vs.
14
    ALIA CORPORATION,
15
              Defendant.
16
    _____/
17

18        On August 21, 2012, the Court held an informal discovery conference to resolve a discovery

19  dispute between Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff") and

20  Defendant Alia Corporation ("Defendant").  On August 20, 2012, the parties contacted the Court and

21  requested a ruling on seven third-party discovery subpoenas.  At the telephonic conference, the parties

22  stipulated to resolution of the discovery dispute off the record by United States Magistrate Judge Barbara

23  A. McAuliffe.  Rumduol Vuong appeared telephonically for Plaintiff.  Brendan Brownfield appeared

24  telephonically for Defendant.

25        In the course of discovery, Defendant issued seven subpoenas to Charging Party Derrick

26  Morgan's medical providers and subsequent employers.  Five of Defendant's subpoenas seek medical

27  records, specifically "all documents and records pertaining to the care, treatment, and/or examination

28  of Derrick Morgan from 11/89 to the present, including but not limited to medical records, sign-in

1

1   sheets, reports, emails, letters, phone messages, tests, and testing data, prescriptions, copies of all printed

2   material describing medications prescribed, documentation reflecting the dates and times of

3   appointment, photographs, documents received from other healthcare providers, psychiatric and/or

4   psychological records, psychiatric and or psychological test results, and speech therapy records...” and

5   “all billing and insurance records pertaining to the care, treatment, and/or examination of Derrick

6   Morgan...from January 1, 2009 to the present.”

7        Defendant also issued two subpoenas to Mr. Morgan’s subsequent employers.  Defendant’s

8   employment subpoenas request “all documents and records pertaining to Derrick Morgan...from January

9   1, 2008 to the present, including but not limited to, personnel files, disciplinary documents/files, job

10  applications, performance evaluations, time punch records, payroll records, pay stubs, W-2 forms, 1099

11  forms, I-9 forms, records of benefits provider (e.g. medical, dental, vision, 401K), Family Medical Leave

12  Act and/or medical files, e-mails, letters, notes, requests for accommodation of a disability, insurance

13  records, and workers’ compensation records.”

14       Plaintiff objects to Defendant’s third party subpoenas stating that Defendant’s requests are over

15  broad, and seek irrelevant and privileged information.  Plaintiff asks the Court narrow the scope of

16  Defendant’s subpoenas by limiting them to the relevant time period and Mr. Morgan’s stated medical

17  impairments of cerebral palsy, mild retardation, and speech impediment.  Defendant responds that the

18  subpoenas issued relate directly to Mr. Morgan’s disability claim and therefore his associated medical

19  and employment records are relevant and discoverable.

20       As discussed at the hearing, the Court is inclined to limit Defendant’s subpoenas to the discovery

21  of Mr. Morgan’s mental impairments.  These impairments are an element of his case and directly at

22  issue. The parties discussed narrowing the time period for the medical records, but is was disclosed that

23  a relevant report, which was dated November 1989, was produced by plaintiff and as a result, other

24  potential documents may exist following that report.   Thus, the Court will narrow Defendant’s

25  subpoenas to seek information related to Mr. Morgan’s mental impairments and the related treatment.

26  Accordingly, the Court modifies the language of Defendant’s subpoenas as stated below.

27  /////

28  /////

**1.      Subpoenas of Medical Records**

Defendant's subpoenas of medical records shall be modified to state: "all documents and records pertaining to the care, treatment and/or examination of Derrick Morgan from November 1989 to the present for mental impairments, such as cerebral palsy, retardation, and speech impediment and psychological and/or psychiatric records associated with mental impairments."

As to the portion of the subpoenas requesting billing and insurance records, Defendant's subpoenas shall be modified to state: "all billing and insurance records pertaining to the care, treatment, and/or examination of Derrick Morgan from January 1, 2009 to the present for mental impairments, such as cerebral palsy, retardation, and speech impediment and psychological and/or psychiatric records associated with mental impairments."

**2.      Subpoenas of Employment Records**

The Court denies Plaintiff's request to limit the subpoena of Mr. Morgan's employment records.

IT IS SO ORDERED.

Dated:    **August 22, 2012**              **/s/ Barbara A. McAuliffe**
                                                  UNITED STATES MAGISTRATE JUDGE

3