1  Anna Y. Park, SBN 164242
   Rumduol Vuong, SBN 264392
2  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
3  255 East Temple Street, Fourth Floor
   Los Angeles, CA 90012
4  Telephone:  (213) 894-1083
   Facsimile:  (213) 894-1301
5  E-Mail:  lado.legal@eeoc.gov
6
7  Attorneys for Plaintiff
   U.S. EQUAL EMPLOYMENT
8  OPPORTUNITY COMMISSION

9              **UNITED STATES DISTRICT COURT**

10            **EASTERN DISTRICT OF CALIFORNIA**

11

12 U.S. EQUAL EMPLOYMENT OPPORTUNITY )   Case No: 1:11-CV-01549 LJO BAM
   COMMISSION,                       )
13            Plaintiff,             )   **[PROPOSED] CONSENT DECREE**
                                     )
14      vs.                          )
                                     )
15 ALIA CORPORATION d/b/a MCDONALDS ,)
   AND DOES 1-10, INCLUSIVE,         )
16                                   )
17            Defendants             )
                                     )
18 _____ )

19

20        Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff," "EEOC" or

21 "Commission") and Defendant Alia Corporation ("Alia" or "Defendant") hereby stipulate and

22 agree to entry of this Consent Decree ("Decree") to resolve the Commission's complaint against

23 Defendant in U.S. Equal Employment Opportunity Commission v. Alia Corporation d/b/a

24 McDonalds, et al., Case No. 1:11-CV-1549 LJO BAM  (the "Action").  On September 13, 2011

25 Plaintiff filed this Action in the United States District Court, Eastern District of California, for

26 violations of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of

27 1991.  In its Complaint, Plaintiff alleged that Defendant discriminated against Charging Party

28 Derrick Morgan ("Charging Party") by demoting him and constructively discharging him

                                    -1-

because of an actual or perceived disability.  In its Answer, Alia denied liability, contending that all actions taken with respect to Charging Party's employment were based on legitimate, non-discriminatory reasons.

## I.  PURPOSES AND SCOPE OF THE DECREE

A.  The EEOC and Defendant (collectively, the "Parties") agree that this Action should be fully and completely resolved by entry of this Consent Decree.  This Decree shall be binding on and enforceable against Defendant and its officers, directors, agents, successors, parents, subsidiaries and assigns.  This Decree shall not be binding on McDonald's Corporation.

B.  The Parties have entered into this Decree for the following purposes:

1.  To provide appropriate monetary and injunctive relief;

2.  To ensure that Defendant's employment practices comply with federal law;

3.  To ensure a work environment free from discrimination, especially as it relates to disability discrimination;

4.  To ensure training for Defendant's managers and employees with respect to the pertinent laws regarding disability discrimination;

5.  To provide an appropriate and effective mechanism for handling complaints of disability discrimination in the workplace; and

6.  To avoid the expensive and protracted costs incident to this litigation.

## II.  RELEASE OF CLAIMS

A.     This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendant in this Action.

B.     Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C.     Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with ADA or any other federal employment statute.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

### III.    JURISDICTION

A.      The Court has jurisdiction over the Parties and the subject matter of this Action. The Action asserts claims that, if proven, would authorize the Court to grant equitable relief.

B.      The terms and provisions of this Decree are fair, reasonable, and just.

C.      This Decree conforms with the Federal Rules of Civil Procedure and ADA and is not in derogation of the rights or privileges of any person.

D.      The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

### IV.    EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

### V.    MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more of the provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining

provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.     By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of the Decree.

## VI.     COMPLIANCE AND RESOLUTION

A.     Except as stated in Paragraph IX.C. below, the Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with this Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendant and its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Defendant has breached. Defendant shall have thirty (30) days to attempt to resolve or cure the breach.  However, the parties may agree to extend this period upon mutual consent.

B.     The Parties agree to cooperate with each other and use reasonable efforts to resolve any dispute referenced in the EEOC notice.

C.     After thirty (30) days have passed with no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time that the Court finds the Decree was not complied with and/or any other relief that the Court may deem appropriate.

## VII.     MONETARY RELIEF

A.     Defendant shall pay to Charging Party Derrick Morgan the sum of ONE HUNDRED THOUSAND DOLLARS AND NO CENTS ($100,000.00).  Defendant and Charging Party have entered into a separate and independent agreement, to which the EEOC is not a party.  Defendant will pay up to $500.00 for private counsel to review and advise Charging Party regarding the separate and independent agreement.  The independent and separate agreement is not a condition precedent to the entry of this Decree.

-4-

     **B.**     Defendant shall forward to Charging Party, via certified mail, a check for the monetary consideration referenced in Paragraph VII.A. within ten (10) days of the Effective Date of this Decree.  Defendant shall prepare and distribute Form 1099 or equivalent tax reporting forms to Charging Party and shall make the appropriate reports to the Internal Revenue Service and other tax authorities.  Charging Party shall be solely responsible for the payment of any and all taxes associated with his receipt of the monetary consideration referenced in Paragraph VII.A.  Within three (3) business days of the issuance of the settlement check, Defendant shall submit a copy of the check and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

## VIII.     SPECIFIC INJUNCTIVE RELIEF

     A.     Policies and Procedures

     Defendant shall review, revise, implement, distribute and post its policies and procedures against employment discrimination prohibited by ADA (the "Policy").  Defendant's Policy shall contain, but is not limited to, provisions regarding a disabled employee's right to a reasonable accommodation, including the enjoyment of the privilege and benefits of employment equal to those enjoyed by employees without a disability as well as prohibition against harassment, discrimination in terms and condition of employment, and retaliation.

     Within sixty (60) days of the Effective Date, Defendant, with the assistance of its Monitor, shall review and, if necessary, revise its policy on disability discrimination, and recruitment/hiring.  The revised policy shall include:

    1.   a clear objective hiring criteria which expressly prohibit hiring decisions on the basis of race, color, national origin, disability, age, disability, creed/religion, or any other protected category;

    2.  a clear explanation of prohibited discriminatory conduct on the basis of disability;

    3.  an assurance that employees who make complaints of disability discrimination or provide information related to such complaints will be protected against retaliation;

4.  a clearly described complaint process for disability discrimination that provides internal and external avenues of complaints,

5.  an assurance that Defendant will protect the confidentiality of individuals who complain of discrimination to the fullest extent, including protecting from disclosure to those who do not need to know;

6.  a complaint process that provides a prompt, thorough, and impartial investigation;

7.  a procedure for communicating with the complainant regarding the status of the complaint / investigation, results of the investigation, and if any remedial action was taken;

8.  assurance that Defendant will take immediate and appropriate corrective action when it determines that disability discrimination has occurred; and

9.  a statement that managers who witness or are informed of incidents of harassment, discrimination, or retaliation must report such information to the appropriate individual(s).

B.      Procedure for Handling Complaints

Defendant further agrees that its policy and complaint procedure shall state how its staff will handle complaints of disability discrimination made by employees.

C.      Distribution and Dissemination

Within ninety (90) days of the Effective Date of this Decree, Defendant shall provide to the EEOC a copy of the revised Policy.  Within ninety (90) days of the Effective Date, Defendant shall ensure that it has distributed the Policy to all employees and managers at all facilities owned or operated by Alia Corporation. Within ninety (90) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the distribution of the Policy. Defendant shall include the Policy within its orientation materials for new hires.

Within ninety (90) days of the Effective Date, Defendant shall ensure that it has physically posted the Policy in legible font in a conspicuous place at all of Defendant's facilities

in an area accessible to all employees.  Within ninety (90) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the posting of the Policy.

D.    Non-Discrimination Statement

Within ten (10) days of the Effective Date, Defendant shall ensure that it has included a non-discrimination statement, inclusive of disability, in all job postings and application materials.  Within thirty (30) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the inclusion of the non-discrimination statement.

E.    Posting of Notice of Consent Decree

Within thirty (30) days of the Effective Date, Defendant shall ensure that it has posted the Notice of Consent Decree (attached to this Decree as Attachment A) in a conspicuous place accessible to all employees at the Oakhurst, CA McDonalds.  The Notice of Consent Decree shall remain posted for the duration of the Decree.  Within thirty (30) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the posting of the Notice of Consent Decree.

F.    Management Training

On at least one occasion during each calendar year in which this Decree is effective, Defendant shall provide live training of at least one hour duration, through its Monitor, to all department managers, general managers, area supervisors, directors of operations, facilities managers, office managers, human resources managers, and those managerial employees superior to these identified managers within the corporate hierarchy, covering the Policy, compliance with federal laws regarding employment discrimination with a particular emphasis on disability, retaliation, and a manager's duty to report incidents of harassment and discrimination.  All persons required to attend such training shall verify their attendance in writing.  The first such training will be held within ninety (90) days of the Effective Date.

Within 6 months of each yearly live training from the Monitor, Defendant shall provide an intermediate training session for those managers who assumed a managerial position after the

previous live training was held.  This intermediate training session will be led by Defendant's Human Resources Director, who shall communicate and consult with the Monitor in preparation for such intermediate training sessions and in responding to questions from new managers.  If Defendant comes to employ a different Human Resources Director during the period of this Decree, Defendant shall provide the EEOC with that person's resume.  All managers attending any intermediate training sessions shall verify their attendance in writing.

Within ninety (90) days of the Effective Date and annually thereafter through the term of the Decree, Defendant shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

G.     Non-Management Training

Within ninety (90) days of the Effective Date, Defendant shall supplement its new hire orientation programs, for all employees, to provide anti-discrimination and anti-retaliation training, including a discussion of Defendant's policies and the manner in which complaints of discrimination or retaliation shall be brought to Defendant's attention.

All current employees hired by Defendant prior to the 30th day after the Effective Date shall receive comparable instruction on Defendant's anti-discrimination and anti-retaliation policies, including the manner in which complaints of discrimination or retaliation shall be brought to Defendant's attention, during each employee's next quarterly review.

H.     Equal Employment Opportunity Monitor

Within thirty days after the Effective Date, Defendant shall retain the law firm of Burnham Brown, 1901 Harrison Street, 14th Floor, Oakland, CA 94612, (510) 444-6800, to serve as Equal Employment Opportunity Monitor ("Monitor") in implementing and monitoring Defendant's compliance with the ADA and the provisions of this Decree.  Defendant shall bear all costs associated with the retention of the Monitor and the performance of its duties.  The Monitor's responsibilities shall include assisting and ensuring Defendant:

1. develops procedures in recruiting, screening, interviewing, selecting, rejecting, promoting, demoting and hiring individuals without regard to their disability;

2. to create, revise, apply, and implement its new policies  and reporting/auditing procedures  to carry out Defendant's obligations under this Decree;

3. to ensure that all reports required by this Decree are accurately compiled and timely submitted; and

4. to ensure compliance with the terms of this Decree.

5. to assist Defendant in developing procedures to handle complaints of disability discrimination;

6. to assist Defendant in creating, applying and implementing its new anti-discrimination policy and reporting procedure to more effectively carry out its obligations under this Decree;

7. to assist Defendant in training managerial employees on their rights and responsibilities under the ADA, Title VII and other applicable federal laws, including, but not limited to, the responsibilities to provide a workplace free of discrimination and the hiring and promotion of individuals in compliance with the ADA;

8. to assist Defendant in communicating its policies and procedures relating to disability discrimination to all employees;

9. to assist Defendant in monitoring and assuring the proper investigation of all complaints of disability discrimination;

10. to assist Defendant in properly communicating with complainants regarding the complaint procedure, status of the complaint/investigation, results of the investigation, and any remedial action taken;

11. to assist Defendant in creating appropriate and consistent disciplinary policies to hold employees and managers accountable for failing to take appropriate action and/or for engaging in conduct prohibited under this Decree; and

12.     to monitor and ensure that employees who complain about discrimination and/or harassment are not retaliated against.

I.      Record Keeping

Defendant shall establish a record-keeping procedure that provides for the centralized tracking of discrimination complaints as well as the monitoring of such complaints, including the identities of the parties involved.  The records to be maintained shall include all documents generated through the duration of the Decree in connection with any complaint, any investigation into any complaint, and any resolution of any complaint.

J.      Reporting

Defendant through the Monitor shall provide the following reports annually throughout the term of the Decree:

1.      The attendance lists for all training sessions required under this Decree that took place during the previous twelve months;

2.      Acknowledgments of receipt of the Policy for all employees hired during the previous twelve months;

3.      A description of all complaints about discrimination/harassment on the basis of disability, and any complaints of retaliation related to complaints of disability discrimination, made since the submission of the immediately preceding report hereunder.  This description shall include the names of the individuals alleging discrimination or related retaliation; the nature of the complaint; the names of the alleged perpetrators of discrimination or related retaliation; the dates of the alleged discrimination or related retaliation; a brief summary of how each complaint was resolved; and the identity of the employee(s) who investigated and/or resolved each complaint.  If no results have been reached as of the time of the report, the result shall be included in the next report; and

4.    Verification that the Notice of Consent Decree and Policy has continued to be posted in a conspicuous place accessible to all employees.

K.    Performance Evaluations

Defendant shall develop a system to hold employees accountable for employment discrimination. As part of that system, should Defendant determine that any department manager, general manager, area supervisors, director of operations, facilities manager, office manager, human resources manager, or managerial employee superior to these identified managers within the corporate hierarchy has engaged in discrimination or failed to comply with Defendant's discrimination and anti-retaliation policies, Defendant shall hold that employee accountable in his or her annual performance evaluation.

## IX. GENERAL RELIEF

A.    Defendant recognizes and agrees that Title VII prohibits discrimination against any individual in the terms and conditions of employment on the basis of their disability.

B.    Defendant further recognizes and agrees that Title VII prohibits retaliation against any current or former employee or applicant of Defendant or its successors, because he or she has in the past, or during the term of this Decree, (a) opposed any practice made unlawful under ADA; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including any internal investigation undertaken by Defendant or its successors) or proceeding in connection with this Action or relating to any claim of a ADA violation; (d) was identified as a possible witness or claimant in this Action; (e) asserted any rights under this Decree; (f) sought and/or received any relief in accordance with this Decree; or are associated with an employee who sought and/or received any relief in accordance with this Decree.

C.    The Parties recognize and agree that Title VII requires that certain administrative procedures be followed prior to the institution of litigation, including the filing of a charge, investigation, and conciliation.  In the event that EEOC asserts that Defendant violated the provisions of Section IX(A) or IX(B), the Parties agree that nothing contained in this Decree

constitutes a waiver of the rights and defenses available to the Parties under Title VII, including the exhaustion of all administrative procedures required under Title VII.

## X.   MISCELLANEOUS PROVISIONS

A.  During the term of this Decree, Defendant shall provide any successor to the entirety of Defendant's corporate operations with a copy of this Decree, within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of Defendants' entire business.  Defendant shall simultaneously inform the EEOC of any such agreement for acquisition or assumption of control of Defendant's entire corporate operations.

B.  During the term of this Decree, Defendant shall assure that each of its officers, managers, and supervisors is aware of any term(s) of this Decree which may be related to his or her job duties.

C.  Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012; facsimile number (213) 894-1301.

## XI.   COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-12-

1    All parties, through the undersigned, respectfully apply for and consent to the entry of
2  this Consent Decree Order.

3                                              Respectfully Submitted,

4                                              U.S. EQUAL EMPLOYMENT
5                                              OPPORTUNITY COMMISSION

6

7
8  Date:  April __, 2013            By:  _____
                                              Anna Y. Park
9                                              Attorneys for Plaintiff
                                              U.S. EQUAL EMPLOYMENT
10                                             OPPORTUNITY COMMISSION

11

12                                             BURNHAM BROWN

13

14  Date:  April __, 2013           By:  _____
                                              Cathy Arias
15                                             Brendan Brownfield
16                                             Attorneys for Defendant
                                              ALIA CORPORATION
17

18

19

20

21

22

23

24

25

26

27

28

1

2                                    **ORDER**

3        **GOOD CAUSE APPEARING:**

4            The Court hereby finds that compliance with all provisions of the foregoing Decree is fair

5    and adequate.  The Court hereby retains jurisdiction for the term of the foregoing Consent

6    Decree, and the provisions thereof are hereby approved.  The clerk is directed to close this action

7    based on the terms of the parties' Consent Decree.

8

9

10   IT IS SO ORDERED.

11       Dated:   **April 18, 2013**                            **/s/ Lawrence J. O'Neill**

12                                            UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28